HENRY M. HOPKINS, impleaded, etc.

*v.*

DANIEL HEMM *et al.*

*Filed at Ottawa January 20, 1896.*

MORTGAGES—*foreclosure of mortgage pledged as collateral—rights of judgment creditors to surplus.* The holder of a note and mortgage as collateral security, who, upon foreclosure, purchases the premises for a sum in excess of that due upon his debt, subject to a prior mortgage, must account to judgment creditors of the mortgagor, under a bill brought by them for that purpose, for the excess, notwithstanding he has applied it on such prior mortgage.

*Hemm* v. *Small,* 56 Ill. App. 480, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kendall county; the Hon. CLARK W. UPTON, Judge, presiding.

M. O. SOUTHWORTH, for appellant:

The law is, that the holder of a negotiable promissory note, secured by a mortgage, as collateral security for a debt, is entitled, upon default, to proceed with the fore-

closure of the property included in the mortgage security, and to entry and possession thereof under appropriate proceedings. (*Brown* v. *Tyler*, 8 Gray, 135.) Such proceedings, however, do not change the relations of the parties to the contract of pledge, the land being simply substituted as collateral security in place of the notes and mortgage, and remaining subject to redemption. *Slee* v. *Manhattan Co.* 1 Paige, 52; *Montague* v. *Railway Co.* 124 Mass. 242; *Henry* v. *Davis*, 7 Johns. Ch. 40; *Clapp* v. *Sheppard*, 2 Metc. 127; *Rice* v. *Dicingham*, 73 Me. 59; *Dalton* v. *Smith*, 86 N.Y. 176; *Hoyt* v. *Martens*, 16 id. 231.

Nor, as between the pledgor and pledgee, is such foreclosure, entry and possession a payment of the debt for which such notes and mortgage are held as collateral security. *Stevens* v. *Savings Inst.* 129 Mass. 547.

If a stranger had purchased the mortgaged premises upon the sale thereof, the matter would have stood entirely different, and the right of the pledgor of the note and mortgage would have been limited to the amount of the sale. *Slee* v. *Manhattan Co.* 1 Paige, 52.

On this subject generally, see Colebrook on Collateral Securities, p. 235, sec. 183.

J. M. RAYMOND, and ALSCHULER & MURPHY, for appellees:

Where one, in order to protect himself, is obliged to discharge a prior incumbrance upon real estate, he will be subrogated to the rights of the prior incumbrancer. But this rule does not apply to a case where the one who discharges a prior incumbrance does so to protect a title, present or prospective, which he acquired by purchase of the equity of redemption, either upon foreclosure of a subsequent mortgage, or sale under execution, or otherwise. *Funk* v. *McReynold's Admrs.* 33 Ill. 481.

In the case of *Dodds* v. *Snyder*, 44 Ill. 53, this court held that a person taking a second mortgage on real estate acquires a lien only on the equity of redemption, and

when such mortgage is foreclosed and the property sold, the purchaser only obtains that right, and it will be presumed that such a purchaser regulated his bid with reference to the prior incumbrance, and gave only what it was worth subject to the prior lien. The same rule is declared and recognized in *Bishop* v. *O'Connor*, 69 Ill. 431; *Chambers* v. *Jones*, 72 id. 275; *Holmes* v. *Shever*, 78 id. 578; *Meacham* v. *Steele*, 93 id. 135; *Cox* v. *Garst*, 105 id. 343; *Erlinger* v. *Boul*, 7 Ill. App. 40; *Suppiger* v. *Garrels*, 20 id. 625; 1 Washburn on Real Prop. 184; *McKinstry* v. *Curtis*, 10 Paige, 503; *Tice* v. *Annin*, 2 Johns. Ch. 125; *Mathews* v. *Akin*, 1 N. Y. 595; *Russell* v. *Allen*, 10 Paige, 249; *Clift* v. *White*, 12 N.Y. 519.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellees, who were judgment creditors of Alexander Small, filed their creditors' bill against Small and appellant Henry M. Hopkins, alleging that Small had fraudulently disposed of his property to hinder and delay the complainants in the collection of their debts. Small and Hopkins answered, denying the allegations of the bill. Issue was joined, and on a hearing the court found for the defendants and dismissed the bill. On appeal to the Appellate Court the decree was reversed, with directions to the court below to enter a decree in favor of the complainants on a certain basis hereafter stated.

The evidence is voluminous, but a few principal facts must control the decision of the case. James Small, a son of Alexander Small, owned a farm and borrowed from one Maxwell $6000, for which he gave his notes and a mortgage on the farm securing their payment. His father also joined with him in executing the notes. James, being also indebted to his father, executed to him his further promissory note for $4000, secured by a second mortgage on the farm. Alexander Small, being indebted to the Aurora National Bank in the sum of $3000, pledged the $4000 note and mortgage as collateral security for its payment. Being pressed for payment and unable to pay,

he prevailed upon appellant Henry M. Hopkins, his son-in-law, to secure the payment of the $3000 by endorsing his paper to the bank for that amount. Thereupon the $4000 note and mortgage were transferred and delivered to Hopkins, to secure him from loss in the transaction. Hopkins was compelled to pay the $3000 to the bank, and upon making such payment he brought his bill to foreclose the mortgage given to secure the $4000 note, which he held as collateral security. The foreclosure was subject to the first mortgage given to Maxwell. Hopkins became the purchaser at the master's sale, upon his bid of $4300. The interest had been paid on the debt of $3000, and only the principal was due him. The costs and solicitors' fees were $119.85. There was therefore a balance of $1180.15 of purchase money after paying the debt for which the note and mortgage foreclosed were pledged. Upon becoming the purchaser Hopkins dealt with the land as owner, discharged the Maxwell mortgage, and afterwards sold and conveyed the farm. It would seem plain that he was liable to Alexander Small for this difference of $1180.15, but he insists that he used it to pay accumulated interest on the Maxwell notes and mortgage, —that he was compelled to pay such interest to protect his own claim. The complainants claim that he should account to them as judgment creditors of Small, under their bill, for this balance.

Under the evidence Hopkins must be treated as any other purchaser, and liable to account for the full amount of his bid. Had the money been paid over to the master it cannot be doubted that complainants would have been entitled to have had it paid on their demands against Small. If Hopkins retained or misapplied it he was liable to account for it. When he purchased at the master's sale he acquired the equity of redemption only. He bought the land subject to the Maxwell mortgage, and had no right to apply any of the proceeds of the sale to the extinguishment of that prior encumbrance. (*Dodds* v.

*Snyder*, 44 Ill. 53.) He was entitled to have his own demand of $3000 paid, for which he held the $4000 note and mortgage as collateral security, but was bound to pay over any excess of the purchase price. The complainants were therefore entitled to a decree for this balance of $1180.15.

There is also some contention that Hopkins should account for interest, and for a family carriage which it is claimed he obtained from Alexander Small without consideration. We are not satisfied from the evidence that he ought to account for these items. The bill was doubtless filed upon the theory that the transfer of the $4000 note and mortgage was only colorable, and that Small was not indebted to Hopkins, but the evidence showed that the debt was a *bona fide* one, and no fraud was proved.

It was said by the Appellate Court in the opinion rendered, that a money decree should have been rendered by the circuit court against Hopkins for the difference between the amount paid by him on the $3000 note and the net proceeds of the master's sale of the mortgaged premises, and the decree was reversed and the cause remanded, with directions to the circuit court to render a decree as indicated in the opinion. In this we concur, but we find that this difference should, under the evidence, be adjudged to be $1180.15.

The judgment of the Appellate Court will be affirmed, but the circuit court will be directed to enter the decree for said amount of $1180.15.          *Judgment affirmed.*

Mr. JUSTICE CARTWRIGHT, having heard this case in the Appellate Court, took no part here.