JAMES WALLACE et al.

v.

ALICE MADDEN.

*Opinion filed November 1, 1897.*

1. BENEFIT SOCIETIES—*classes of beneficiaries designated by organic law cannot be enlarged or restricted.* The classes of persons designated by the organic law of a benefit society as the persons who may become beneficiaries of its insurance cannot be enlarged or restricted by the society or its members.

2. SAME—*statutes under which society is organized become part of its organic law.* Statutes of the State under which a benefit society is organized become part of its organic law and enter into all its contracts, and must prevail over provisions of the society's constitution and by-laws in conflict or inconsistent therewith.

3. SAME—*affianced wife may become a beneficiary under act of 1893.* An affianced wife may, under section 1 of the act of 1893 on fraternal beneficiary societies, (Laws of 1893, p. 130,) become the beneficiary of the insurance of a benefit society organized under such act, although its constitution and by-laws limit the class of its beneficiaries to relatives and dependents of members.

4. SAME—*refusal by society to issue certificate will not prevent recovery.* The refusal of a benefit society organized under the act of 1893 to issue a beneficiary certificate to a member designating his affianced wife as beneficiary, will not prevent the latter, upon the death of the member without designating another beneficiary, from recovering from the society the amount of the endowment.

*Wallace v. Madden,* 67 Ill. App. 524, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

THOMAS McENERNY, for appellants.

WILLIAM DILLON, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

The facts in this case have been agreed upon by written stipulation. There is therefore no controversy in regard to the facts. From the stipulation it appears

the Catholic Order of Foresters is a fraternal beneficiary society, duly incorporated on the 24th day of May, 1883, under the laws of the State of Illinois. In the month of June, 1894, the society adopted the constitution and by-laws which were in force February 20, 1895, when William Wallace, an unmarried man, became a member of the society. The constitution of the society contained, among other provisions, the following:

"(2) Endowment may be made payable to the following classes of persons:

"*Class First*—To a member's (1) wife; (2) children or children of deceased children (such children taking the share of the deceased parent); (3) grandchildren; (4) parents; (5) brothers and sisters of the whole blood; (6) brothers and sisters of the half blood; (7) grandparents; (8) nieces and nephews; (9) cousins in the first degree; (10) uncles and aunts; (11) next of kin who would be the distributees of the personal estate of such member upon his death intestate,—in either of which cases no proof of dependency shall be required before issuing the endowment certificate.

"*Class Second*—To any other person who is dependent upon the member for maintenance, (food, clothing, lodging or education,) in which case written evidence of the dependency, within the requirements of the laws of this order, must be furnished to the satisfaction of the high secretary before the endowment certificate can be issued. * * * If at the time of the death of such member the dependency herein required shall have ceased or shall be found not to have existed, or if the designation shall fail for illegality or otherwise, then the endowment shall be payable to the person or persons mentioned in class first, paragraph 2, of this section, if living, in the order of precedence as therein enumerated."

Section 1 of the act of 1893, which was in force when the constitution of the order was adopted and when William Wallace became a member, provided as follows:

"*Be it enacted by the People of the State of Illinois, repre-sented in the General Assembly:* That a fraternal beneficiary society is hereby declared to be a corporation or associa-tion formed or organized and carried on for the sole ben-efit of its members and their beneficiaries, and not for profit. Each society shall have a lodge system, with rit-ualistic form of work and representative form of govern-ment, and shall make provision for the payment of death benefits, and may, in addition thereto, provide for the payment by local lodges of benefits in case of sickness, disability or old age of its members, subject to their com-pliance with its constitution and laws. The fund from which the payment of such benefits shall be made and the fund from which the expenses of such association shall be defrayed, shall be derived from assessments or dues collected from its members. Payment of death ben-efits shall only be made to the families, heirs, blood rela-tions, affianced husband or affianced wife of, or to persons dependent upon, the member, and such benefits shall not be willed, assigned or otherwise transferred to any other person. All such societies shall be governed by this act and shall be exempt from the provisions of all insurance laws of this State, and no law hereafter passed shall ap-ply to them unless they be expressly designated therein."

William Wallace was initiated as a member of the or-der in St. Dominick's Court No. 445, on the 14th of March, 1895. In his application for membership he designated Alice Madden (therein called Alice Wallace) as his affi-anced wife and as the party to whom he desired his en-dowment paid. The application for membership was dated February 20, 1895, and was duly sent on to and re-ceived by the proper officer of the order after the initia-tion of said Wallace, but the officers of said order declined to issue a beneficiary certificate in favor of the party named in the application, on the ground that it was not competent for the said William Wallace, under the con-stitution and by-laws, to designate her as the person to

whom the endowment might be paid.  But Wallace de-
clined to make any other designation, and the question
presented is, whether the money payable by the Catholic
Order of Foresters upon the death of William Wallace,
which occurred April 5, 1895, shall be paid to Alice Mad-
den, the affianced wife of Wallace, or whether it shall go
to appellants, who are his brothers and sisters.

The question involved depends upon the construction
of the contract between William Wallace and the Catho-
lic Order of Foresters.  The Catholic Order of Foresters
is indifferent in regard to whom the money shall be paid.
Indeed, it filed this bill of interpleader in order to have
the court determine which one of the contending parties
was entitled to the money.

In *Alexander* v. *Parker*, 144 Ill. 355, approving the rule
laid down in Bacon on Benefit Societies and Life Insur-
ance, it was held that the contract between a benefit
society and its members is contained in the certificate, if
one be issued, taken in connection with the constitution
and by-laws of the organization and the statute of the
State under which it is formed.  As has been seen, the
statute under which the society was organized provides
that payment of death benefits shall only be made to the
families, heirs, blood relations, affianced husband or affi-
anced wife of, or to persons dependent upon, the mem-
ber.  The constitution and by-laws of the Catholic Order
of Foresters provide that only relatives and dependents
can become beneficiaries.  Alice Madden does not claim
as a relative nor as a dependent.  It is apparent that the
society, in naming beneficiaries in its constitution and
by-laws, could not go beyond those named in the statute
and provide for a class of persons not therein mentioned,
as action of that character would be *ultra vires*.  The so-
ciety, however, did not pursue that course, but it limited
the classes to a less number than provided by the statute,
and the question arises, shall the statute under which the
society was organized and came into existence control,

or·shall the contract be controlled by the constitution and by-laws of the order.

When the order adopted its constitution and by-laws and became organized under the statute it became subject to all the provisions of the statute. It became clothed with such power, and such only, as was conferred by the statute, and any provision of its constitution or by-laws inconsistent with the statute, or not authorized by the statute, would be a nullity. The statute under which the society became organized became a part of the organic law of the society, and we are inclined to the opinion that all contracts made after the act of 1893 was enacted were governed by the first section of the act. After the society became organized under the statute it had no right to enlarge the class of beneficiaries mentioned in the statute or curtail the class therein mentioned, and when a question arises between the society and one claiming payment of a death benefit, in the construction of the contract of a deceased member with the society the statute under which the society is organized is paramount, and must prevail over any provision in the constitution or by-laws of the society. Indeed, when Wallace became a member of the society, the statute, which provided that the death benefit might be made payable to his affianced wife, entered into and formed a part of the contract between him and the society, and no reason is perceived why the contract thus made should not be enforced.

Niblack on Benefit Societies, (2d ed. pp. 41, 311,) in the discussion of this question says: "Where by the charter certain classes of persons are to be benefited, a corporation has no authority to provide by a by-law for other beneficiaries or to exclude any class provided for by the charter." He then gives some applications of this principle, and adds: "A member of a society is not bound by a by-law which is contrary to its charter, even though he may have assented to it." Again he says, at page 311: "Where the organic law of a society, or the charter pro-

cured from the State under that law, prescribes what class of persons may become beneficiaries of its insurance, it is not in the power of the society or one of its members, or both, to enlarge or restrict these classes." Here the statute has declared who shall be the beneficiaries, and it must control.

.The judgment of the Appellate Court is correct, and it will be affirmed.                    *Judgment affirmed.*