**United States Health & Accident Insurance Company v. Fred W. Krueger, Administrator.**

### Gen. No. 4,852.

INSURANCE—*what waives fraud in application.* The receipt of premiums by an authorized agent of the company after learning of the untruthfulness of the statements contained in the application, constitutes a waiver of the fraud.

Action commenced before justice of the peace. Appeal from the City Court of Elgin; the Hon. JOHN L. HEALY, Judge, presiding. Heard in this court at the April term, 1907. Affirmed. Opinion filed August 6, 1907.

ROBERT S. EGAN and ERNEST C. LUTHER, for appellants.

JOHN R. POWERS and DEGOY B. ELLIS, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

Fred Krueger died June 15, 1905, the owner of an

accident insurance policy in the United States Health & Accident Insurance Company, of Saginaw, Michigan. Fred W. Krueger, as administrator of his estate, brought this suit before a justice of the peace and recovered judgment. Appeal was taken to the City Court of Elgin, where a trial was had resulting in a verdict for appellee for $200, the face of the policy. A motion for a new trial was overruled, judgment was entered on the verdict and the company appealed.

Appellant, on Krueger's application, issued to him a health and accident policy dated August 6, 1904, to take effect September 1, 1904, the premiums thereon to be paid on the first day of each month following. He paid the June premium on May 30, 1905, and on June 15, 1905, was found lying on his face dead in about a foot of water in an abandoned clay pit. In the application he stated that his habits of life were temperate. Sec. "J" of the policy reads: "In the event of injuries fatal or otherwise  *  *  *  resulting directly or indirectly  *  *  *  from any intoxicant,  *  *  *  the limit of the company's liability shall be one-fifth of the amount which would otherwise be payable under this policy."

Appellant complains of the ruling of the trial court in not excluding from the record, on its motion, the evidence of witness Crock who was called by appellee and testified that he wrote insurance and collected premiums for appellant and that he collected the April, May and June premiums of Krueger for 1905, knowing at the time that he was in the habit of getting intoxicated. Appellant offered no objection to this testimony as it was related by the witness, but later moved the court to strike the same from the record, stating as a reason therefor that the condition of recovering only $40 was a contractual relation between the parties and not subject to waiver, and that the company was in no way bound by said witness receiving payments and having knowledge of the drunkenness of deceased. It is clear to us that there was no error in the

ruling of the court in denying appellant's motion for the reason that the evidence shows that Crock was at that time the agent of the company, with authority to write insurance and collect premiums thereon, and the company could not receive premiums from deceased from month to month knowing him to be intemperate, and then at his death ask to have the policy declared void because of the untruthfulness of the statements as to his habits in the application, if such statements were untruthful.

It is undisputed that Krueger was found dead in a shallow pond of water. If drowning was the only cause of his death then this judgment is right; but if his death was occasioned directly or indirectly by reason of his intoxication, then the verdict is excessive. The evidence of his physician who was called by appellant tended to show that he was not intoxicated on the preceding day and evening. There was other evidence tending to indicate that he was intoxicated that evening and had been drinking more or less for several days. It was the province of the jury to reconcile the conflict in the evidence, which they did, and we do not feel required to disturb their verdict, notwithstanding that all the evidence upon the subject was introduced by appellant. Moreover, their verdict bears the approval of the trial court who saw and heard the witnesses testify.

Both appellant and appellee requested the court to instruct the jury that, if they believed from the evidence that Krueger came to his death, directly or indirectly, from any intoxication, then appellee could only recover one-fifth of the amount of the policy, and the jury should find in favor of appellee, and assess his damages at $40. The court gave appellee's instruction, but refused the one offered by appellant, of which appellant complains, but for what reason is not plain to us since the same principle was given in appellee's instruction. It was not error for the court to refuse to repeat the principle of law once properly stated to the jury.

U. S. Health & Accident Ins. Co. v. Krueger.

Appellant asked and now complains that the court refused an instruction which stated in substance that if Krueger was a man of intemperate habits at and prior to the time of signing the application, and that in such application he stated that he was a man of temperate habits, and that the policy was procured on the strength of such statement, then as a matter of law he could not recover in this case, and the jury should so find. Appellant's position seems inconsistent to us, and its theories of the case irreconcilable. Its first refused instruction admits a liability of one-fifth the amount of the policy and the other denies all liability.

Appellant requested the court to instruct the jury that if they believed from the evidence that Krueger knowingly made false statements or representations in the application which were material to the issues involved, then as a matter of law he could not recover in this case and the verdict should be for the defendant. This, the trial court modified by adding "unless you further believe from the evidence that after the making of such false statement or statements, if any, the defendant company by its agent or agents, if any, collected or received any premium or moneys from the insured on account of the policy in question, and that said agent or agents, if any, had knowledge of the falsity of such statements, if any, at the time of the collection of said moneys or premiums, if any." Of this modification by the court, appellant complains. From a careful consideration of the evidence in the record, we are of the opinion that the instruction as modified presented to the jury an accurate statement of the law as applicable to the facts in the case, and that there was no material error of law in the rulings of the trial court.

The judgment is affirmed.

*Affirmed.*