PEADA FARRENKOPH *et al.* Appellants, *vs.* ANNA HOLM, Appellee.

*Opinion filed December 15, 1908.*

1. BENEFIT CERTIFICATES—*certificate not avoided by agent's insertion of false answers in application.* The fact that the relationship of the beneficiary to the member is stated by the agent who took the application as "cousin" when he in fact knew that the beneficiary was the affianced wife of the member, waives the right of the benefit society to object to the certificate upon the ground that the statement of the relationship was false, as the society is bound by its agent's knowledge of the facts.

2. SAME—*an affianced wife may be a beneficiary under act of 1903 though not a dependent.* Under the act of 1903, relating to benefit societies, as amended in 1905, an affianced wife may be a beneficiary without being a dependent, notwithstanding the constitution and by-laws of a society organized under such act limit the class of beneficiaries to relatives and dependents.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding.

The appellee resided in Rockford, Illinois, and John V. Smith (otherwise known as Valentine Trunk) boarded at her home for several years before and after the death of her husband, in 1902. Smith was accidentally killed August 25, 1906, leaving a benefit certificate for $2000 in the Order of Columbian Knights, payable to the appellee, Anna Holm, named therein as "cousin." She claimed this fund from the insurance order, and later the appellants, who are sisters and a brother of the deceased, also laid claim to it. The insurance order filed a bill of interpleader in the circuit court of Winnebago county, admitting its liability on the certificate and alleging its willingness to pay to the persons entitled to the benefit and asking the court to determine to whom such payment should be made, at the same time

offering to pay the money into court, subject to the court's order, which was thereafter done. Appellee answered, admitting that she was not the cousin of the said Smith, but claiming the fund in controversy as his affianced wife and also as a dependent upon him. Appellants filed a joint answer, claiming the insurance as heirs of said Smith, under the laws of the order, and denying that appellee was ever the affianced wife of or dependent upon the deceased. The court heard the proof and ordered the fund, less costs of $50, to be paid to the appellee. On an appeal by appellants to the Appellate Court for the Second District that decree was affirmed, and a further appeal has been prosecuted to this court.

The insurance order in question was incorporated under the act of 1893, relating to benefit societies, as amended by the act of 1895. The act provides that benefits shall be paid only to the families, heirs, blood relations, affianced husband or affianced wife or to persons dependent upon the members, or, in certain cases, to religious or charitable institutions. (Hurd's Stat. 1905, par. 258, p. 1222.) Section 250 of the by-laws of the order, among other things, provides: "Each applicant shall enter upon his application the name or names, residence, relationship or dependence of the person or persons of the classes in the next section embraced * * * to whom * * * he desires his benefit paid." Section 251 of said by-laws, among other things, provides that the benefit may be payable to any one or more persons of a certain class, including the wife, children, grandchildren, parents, cousins of the first degree, and other relatives, and that in no such cases shall proof of dependency be required. A second class is provided, including "an affianced wife, or to any person who is dependent upon the member for maintenance, (food, clothing, lodging or education,) in either of which cases written evidence of the affianced relation or nature of the dependency, within the requirements of the laws of the order, must be furnished

to the satisfaction of the supreme secretary before the beneficiary certificate can be issued."

FRED E. CARPENTER, for appellants.

R. K. WELSH, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellants contend that the designation of appellee as "cousin" was false and fraudulent, and therefore she is not entitled to take the fund. The evidence shows that when the deceased was talking about the policy to Reed, who took the application as agent of the order, he first stated that appellee was "a sort of cousin," and on further inquiry, as testified by Reed, the deceased said to him, in substance, that if he (Reed) would not "blab it around" he would tell him what the real situation was, and on the understanding that nothing would be said about it the deceased told Reed that he and the appellee were engaged and were going to be married, and then, at Reed's suggestion that it did not make any particular difference, appellee was put down as "cousin," Reed at the same time telling Smith that when the marriage took place the certificate should be changed to show that fact. The validity of an insurance policy is not affected by false answers inserted by the agent. (*Royal Neighbors* v. *Boman,* 177 Ill. 27.) The knowledge of the agent is binding upon the organization under such facts as here set out. (*Order of Foresters* v. *Schweitzer,* 171 Ill. 325; *Coverdale* v. *Royal Arcanum,* 193 id. 91.) Under such circumstances the order has waived its right to object to the validity of the certificate on the ground urged. (*Farmers and Mechanics Life Ass.* v. *Caine,* 224 Ill. 599.) Under the charter issued to this fraternal society an affianced wife may become a beneficiary without being dependent, even though its constitution and by-laws did limit the class of its beneficiaries to relatives and dependent members.

(*Wallace* v. *Madden,* 168 Ill. 356; *Murphy* v. *Nowak,* 223 id. 301; *Wood* v. *Mystic Circle,* 212 id. 532.) It has been held that if a member of a benefit society, in naming his step-children as beneficiaries, describes them as "my children," such misdescription, if material, can be taken advantage of only by the society and cannot be objected to by a rival claimant to the benefit fund, and if a member of a benefit society misdescribes the beneficiaries and their relation to him the society may waive the defect and ratify the agreement. (*Tepper* v. *Royal Arcanum,* 88 Am. St. Rep. 449; 61 N. J. Eq. 638.) Substantially to the same effect is *Cowin* v. *Hurst,* 124 Mich. 545. In a California case it was held that where the certificate was made payable to a woman designated therein as the "fiancee" of the deceased, the proof showing that he, at the time the policy was issued, was married to another woman, still the description "fiancee" might be disregarded as merely descriptive, and the fact that she could not become engaged to the insured would not preclude judgment in her favor. (*Woodmen of the World* v. *Rutledge,* 133 Cal. 640.) This question is not, however, involved in the decision of this case.

The further contention is made that as deceased roomed and boarded with appellee for some four years before her husband's death, and shortly thereafter ceased paying board and assumed the expenses of the household and spent money freely on her and her little grand-daughter, the relations between them must have been immoral. No immoral act is testified to. The only foundation for this charge is apparently the fact that the deceased boarded with the appellee before her husband's death, and continued, under the circumstances mentioned above, for years thereafter to live in the same house. We do not think the evidence in this record upholds this contention of appellants.

In this connection it is also urged that the proof is not sufficient to justify the court's finding that appellee was the affianced wife of the deceased. Smith so stated to the in-

237—7

surance agent, and several witnesses testified that both appellee and deceased had stated the same to them. It is true, several witnesses testified that Smith denied that appellee and he were engaged; but the evidence was heard by the chancellor in open court, and while it is conflicting in some particulars, we do not think it is of a nature to authorize us to reverse such findings of fact. *Widmayer* v. *Davis,* 231 Ill. 42.

We have covered all the points urged in the appellants' brief filed in this court. Other errors were urged in the Appellate Court, but as they are not raised here they must be deemed waived.

We find no error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*