## Charles F. Johnson, Appellee, v. Royal Neighbors of America, Appellant.

1. FRATERNAL BENEFIT SOCIETIES—*when false answers in application will not vitiate certificate.* If the agent who obtained the application was the agent of the society and was given by the applicant true answers but filled out the application blank with false answers, the certificate will be enforced against the society.

2. APPEALS AND ERRORS—*when assignments of error waived.* Assignments of error not specifically argued are deemed waived.

Assumpsit. Appeal from the Circuit Court of Cass county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed December 7, 1910. Rehearing denied January 6, 1911.

BENJAMIN D. SMITH and J. JOSEPH COOK, for appellant; TRUMAN PLANTZ, of counsel.

MILTON McCLURE, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Charles F. Johnson brought suit to recover on a

beneficiary certificate issued to Amelia Johnson, his wife, by the Royal Neighbors of America; certificate was issued on October 20, 1906, on application made by Amelia Johnson, in which she answered the usual questions asked an applicant for membership. Her application and answers to interrogatories asked are made a part of the certificate by apt and proper reference, and were attached to the certificate.

The following answers were written to interrogatories propounded to her in her application:

"15. Are you now of sound body, mind and health, free from disease or injury, of good moral character, exemplary habits and a believer in a Supreme Being? Yes."

"16 a. Have you within the last seven years been treated by or consulted any person, physician or physicians in regard to personal ailment? No."

"19 a. Have you within the last three years used any patent or proprietary medicine? No."

"h. Have you ever had any local disease, personal injury, illness of any kind or nature, serious or otherwise? No."

"31. Have you ever had any disease of the following named organs, or any of the following named diseases or symptoms? Heart? No. Liver? No. LaGrippe? No. Or any other disease? No."

On her application a certificate was issued for $1,500 with appellee as beneficiary.

The certificate contained the following paragraphs:

"This benefit certificate is issued and accepted only upon the following express warranties, conditions and agreements.

"Second. That should said application, and each and every part thereof, not be literally true, then this beneficiary certificate, as to the member, the beneficiary or beneficiaries shall be absolutely null and void.

"Third. This certificate is issued in consideration of the warranties and agreements made by the person named in this certificate in the application above referred to and agreement to pay all assessments and dues that may be levied during the time that

this certificate shall remain in force * * * and no officer or camp of this society is authorized or permitted to waive any of the laws of this society, which relate to the substance of the contract of indemnity."

Appellant refused payment on the ground that the answers were warranties and were false, and by reason of their being false, the policy was void.

At the conclusion of the evidence appellant asked the court to instruct the jury to find for the defendant, which instruction was refused. The jury returned a verdict for appellee upon which judgment was rendered.

In urging a reversal of this judgment appellant insists that the answers to the questions above set forth were warranties and not mere statements, that these answers were false and insured having signed an application containing these warranties the policy, according to its terms, became absolutely void, and that it is immaterial whether insured knew the statements made by her, which they insist amount to warranties, were false or not.

That these answers, as written in the application, were false there can be no controversy.

It is contended however by the appellee and the evidence is uncontradicted that the answers actually made by the deceased were true and correct, and that one George Franer, who filled out this application and wrote down the answers therein, was acting for appellant in organizing camps and securing members for its order, and that he did not put down the true answers made by the deceased. If she made true and correct answers to these questions, but answers different from those made by her were written in the application by an agent or representative of appellant, who was securing members for the order and assisting in the institution of camps, and such agent was employed or working under the direction of appellant, then appellee would not be barred by reason of such acts of the agent or representative.

In Royal Neighbors of America v. Boman, 177 Ill. 27, it is held that if the insured states the true facts, in answering questions to the agent who takes the application upon behalf of the insurer, and that the agent wrote false answers to those questions, the insured is bound by such acts of the representative of the insurer; that the writing of such false answers by such agent will not bar a recovery unless the deceased at the time he or she signed the application with the answers as written by such agent fraudulently connived and confederated with him to defraud the insurer; that fraud is never presumed and before a policy can be avoided for these reasons, it is incumbent upon appellant to show a fraudulent collusion and confederation between such agent and the insured to defraud appellant.

The Supreme Court has also held that knowledge of an agent soliciting applications and acting in the interests of the principal must be held to be the knowledge of the principal, that the agent is in duty bound to secure the actual facts and report his information to his principal and where no fraud or intention to deceive on the part of the insured is shown the principal must be bound by such knowledge of the agent, and where true answers are made in an application for insurance the validity of the insurance is not affected by false answers inserted by the agent, although the application may contain a provision that the person taking the application is the agent of the assured. Farrenkoph v. Holm, 237 Ill. 94.

The jury were fully warranted in finding from the evidence in this case that Franer who took the application of the insured was the duly authorized representative of appellant in securing applications for benefit certificates in its order. They were also justified in finding that the insured disclosed to said Franer the exact conditions and circumstances existing regarding her health and made true and correct answers to the questions in the application but that

Franer, notwithstanding the answers and information given him by the insured, wrote the false answers in this application; and we cannot say upon these questions of fact that the verdict of the jury is clearly and manifestly against the weight of the evidence. The verdict, therefore, should not be disturbed by this court.

It is also urged as a cause of reversal that the court erred in permitting appellee to show that after the time of the issuing of this policy by appellant the deceased surrendered to the Court of Honor a benefit certificate for like amount which she had held in that order for six years and permitted that certificate to lapse, that the admission of this evidence unduly influenced the jury in arising at this verdict.

The charge made by appellant of fraud in making the application by the deceased and signing it with the false answers to the questions contained therein presents the question of intention on the part of the deceased to defraud appellant by securing this benefit certificate in its order. Upon the question of fraudulent intent, all of the matters and things which tend to support or disprove this issue are competent and the fact that the insured surrendered a certificate for like amount in the Court of Honor upon the issuing of this certificate to her by appellant was proper to be considered in determining the question of a fraud on the part of the insured and the court did not err in admitting this evidence.

Appellant insists also that the court erred in refusing the instructions asked by appellant directing the jury that if the answers made to the questions as above set forth were false, then there could be no recovery by appellee. These instructions entirely omitted the question whether or not correct answers were made by the deceased to these questions and Franer informed of the true conditions and whether with such knowledge false answers were written thereto by

Franer, contrary to the answers made by the deceased, then appellant was bound by such knowledge of Franer. The instructions did not contain all the elements necessary to entitle appellant to a verdict and for this reason they were properly refused.

Appellant does not make any special or specific assignment of error upon any one or more instructions but his argument is general and is applied to each and all of the instructions and unless the errors relied upon are pointed out in the argument and there insisted upon, we are compelled to hold that if any errors are contained therein all such as are not argued are waived.

We do not find any prejudicial error in the record, and the judgment is, therefore, affirmed.

*Affirmed.*