**Mrs. Edward Schwartz, Appellee, v. Murphysboro Mutual County Fire Insurance Company, Appellant.**

1. INSURANCE—*what competent upon question of waiver of forfeiture.* Letters by officials of an insurance society showing the construction placed by such society upon its assessment by-laws and its course of dealing with its members, are competent upon the question as to whether non-payment of an assessment worked a forfeiture of the particular policy in question.

2. INSURANCE—*when provision of forfeiture not self-executing.* *Held,* that a by-law of an insurance society which provided that any member failing to pay an assessment within the time fixed should "forthwith lose and forfeit all of his, her or their claims against the company but by paying up back assessments" might be reinstated, was not self-executing where the society itself had placed a different construction upon the same.

Assumpsit. Appeal from the Circuit Court of Jackson county; the Hon. W. F. ELLIS, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed April 15, 1911.

Isaac K. Levy, for appellant.

William A. Schwartz and Herbert A. Hays, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

Appellee brought suit against appellant in the County Court of Jackson county, upon a fire insurance policy issued by the latter. A jury was waived and a trial had before the court, resulting in a finding and judgment against appellant for $500, the amount of the policy. There was no material disagreement between the parties as to the facts in the case.

Appellant is a fire insurance company, organized under the laws of 1877 in reference to county fire insurance companies. On January 24, 1905, appellee, a widow, seventy years of age, made her written application for a policy in said company to insure among other property, a dwelling house owned by her for the sum of $500. In the application signed by her appellee agreed if a policy of insurance was issued to her on said property as follows: "I will faithfully abide by and observe all the conditions, rules, regulations and orders of the company, contained in its charter and by-laws; and promptly pay whenever called upon my just share of the assessments made for the payment of losses by fire and lightning, incurred at any time by any member of the company." The application was approved by the company and the policy issued, covering said property, January 24, 1905, which was accepted by appellee. The policy which was issued for a term of five years, recited that the sum mentioned therein was "insured by the society unto the said Mrs. Ed. Schwartz and her heirs, executors, administrators and assigns, on the terms, conditions and provisions in the said charter and by-laws contained" upon the property therein mentioned and that in consideration of said obligation, the appellee bound "herself and

her heirs, executors, administrators and assigns, truly and faithfully to comply with the constitution, rules, regulations and by-laws of said company.''

Article 25 of appellant's by-laws related to special assessments of the members and was as follows:

''Art. 25.  In case a special assessment shall be deemed necessary to be made by the board of directors, it shall be so ordered by the said board, the president and secretary shall make out a statement, and mail it to the post-office address of each member showing his, her or their pro rata of each assessment, and upon such notice being made out and mailed, as above stated, any member or members failing to pay such assessment within the time given for collection from the date of mailing such notice, shall forthwith lose and forfeit all of his, her or their claims against the company, but by paying all back assessments may be reinstated.''

On July 11, 1908, the company having theretofore incurred large losses, the board of directors made an assessment of seventy cents on the $100 payable October 1, 1908, to pay the same.  This was known as assessment No. 23 and appellee's share of the same was $10.15.  Prior to July 18, 1908, a statement was made out by the secretary and president of the company, in compliance with the above by-law, notifying her of the amount of her assessment, the purpose for which it was made and also that it ''must be paid by the first of October following.''  This statement and notice was dated July 11, 1908, and was mailed to appellee at Elkville, Illinois, her usual address, and deposited in the post office at Murphysboro, Illinois. Appellee was away from her home at the time and the notice was received by some one else and placed aside, but it was not discovered by appellee until February 9, 1909, when she found it unopened in an album.  The assessment not having been paid by appellee another notice was mailed her on December 8, 1908, of the same date, and identical with the one above referred to, save that it contained the following additional

words, "Past due! This account had no doubt escaped your notice. Will you please favor us with an early settlement and oblige."

Appellee testified that the second notice was received by her and that she was preparing to send the money but not having enough on hand she was holding back for a few days longer in order that she might send the full amount, when on December 18, 1908, the dwelling house, covered by the policy, was destroyed by fire. On the next day, December 19, she tendered the amount of her assessment to appellant, but the latter refused to accept it. Appellee also testified that since she had received the notice of assessment No. 23, she had been ready and willing at all times to pay said assessment to appellant.

Appellant refused to pay appellee's claim of loss and she brought this suit on her policy. It is the insistence of appellant, relied upon by it as the main reason why the judgment below should be reversed, that appellee's failure to pay her *pro rata* of the assessment in question by the first day of October, 1908, suspended her rights under her contract of insurance and that, under the evidence, the appellee had as a matter of law, abandoned her membership in the appellant company prior to the time of the alleged fire. Propositions of law in accordance with this theory were presented by appellant and refused by the trial court. Evidence was introduced on the part of appellant tending to show that appellee had stated to different persons prior to the fire that the assessments were too high, that she was going to drop the insurance; that she did not intend to keep it up any longer.

Appellee testified, however, that while she told a witness that she did not care about carrying the policy any longer, she said at the same time that she had spoken to the secretary about it, and he would not give it up until her "part" was paid.

Appellant introduced in evidence its ledger, which contained the words under appellee's account, after

the entry of the assessment of July 11, 1908, "suspended Oct. 1, 1908," but it appeared from the evidence of Mr. Graff, the secretary, that this entry was made by him without special authority some time in January following the fire, so that it can be of no real assistance in determining the issues in this case.

Appellee was permitted over objection of appellant to prove that on a prior occasion she had been dilatory or delinquent in making payment of an assessment against her and that on August 10, 1907, the secretary of the company wrote her the following letter in reference to the matter: "Your letter at hand and will say that I well understand that you wish to discontinue your insurance, but you have not sent in your policy with a written request to cancel and pay the amount against your policy. Now if you want to discontinue this policy, send in the policy and the amounts against the policy, and we will cancel the policy, as long as the policy is out we will hold the assessments must be paid." It was also shown that this assessment was subsequently paid by appellee and that at the time assessment No. 23, now under consideration, was made, all prior assessments against her were satisfied. We are of opinion this evidence was competent as tending to show the construction appellant itself put upon Article 25 of its by-laws above set forth and also as tending to show what its course of dealings had been with its policy holders in regard to enforcing forfeiture on failure to make prompt payment of the assessments.

In Conductors Benefit Assn. v. Tucker, 157 Ill. 194, it was held that the jury had a right to consider facts in reference to defaults made in the payment of previous assessments in connection with the previous conduct of the association towards the insured in the matter of overdue assessments, with a view of determining whether there was really a waiver of his defaults in not complying with the article of the by-laws providing for the payment of the assessments.

Appellant asserts that the provision of the above by-law which provides that any member failing to pay such assessment within the time specified "shall forthwith lose and forfeit all of his, her or their claims against the company but by paying all back assessments, may be reinstated," is self executing and that by the failure of appellee to pay the assessments in question by October 1, 1908, she forthwith lost and forfeited all her claims against appellant, and no further action is or could be required of any one to make the suspension complete. We do not think the words above used should be given so harsh a construction and it is evident that this construction was not given it by the company on the occasion of her former default. In fact the company then insisted that before it would discontinue the policy, the same must be sent in and the amount due against it paid. Nor did appellant insist upon the forfeiture of the policy in question upon the failure of appellee to pay her assessment by October first, but so long after that time as December 8, 1908, it considered the policy in force and sent her a similar notice to the first with the request that she favor appellant with an early settlement of the same. This notice certainly gave appellee a reasonable time thereafter to make payment. She testified that she at once proceeded to get her money together to make the payment and that she tendered it to appellant on December 19, eleven days after it was mailed to her. This does not appear to us under all the circumstances to have been an unreasonable delay and we think it a justifiable presumption from the conduct of the business between the parties theretofore, that had not the fire which destroyed the dwelling house intervened, the payment of appellee's assessment would have been received when proffered. We think the facts and circumstances in the case show a waiver of forfeiture on the part of appellant, even if article 25 of the by-laws could be considered as giving appellant the right of forfeiture

without further steps taken on its part, to declare the same, before loss occurred. We are also assisted at arriving at this conclusion by a consideration of the law under which this company was organized. In Wallace v. Madden, 168 Ill. 356, it was held, in reference to a fraternal beneficiary society, that the statute under which it was organized became a part of the organic law of the society and that it was paramount and must prevail over any provision in the constitution or by-laws in the society. The same rule must apply to county fire insurance companies organized under the law of 1877, authorizing their formation. Section 16 of that Act provides the manner in which a member of such company may voluntarily withdraw from the same and also contains the further provision "that the company shall have power to cancel or terminate any policy by giving the insured notice to that effect." This provision is part of the organic law of appellant company and if by-law No. 25 is in conflict with it, the law must prevail and the by-law fail. We are of opinion, however, that said by-law may be reasonably construed in connection with said provision of section 16 of the law and that when construed together, the by-law must be held to confer upon appellant the right to forfeit a policy issued by it upon failure on the part of the member holding the same, to pay an assessment within the time given for collection, by giving the insured notice of its election so to do. Such notice was not given in this case, nor were any steps taken to forfeit the policy until after the loss occurred. The court below properly gave judgment in favor of appellee and that judgment will be affirmed.

*Affirmed.*