## Laura Walker, Appellant, v. American Order of Foresters, Appellee.

1. FRATERNAL BENEFIT SOCIETIES—*status of subordinate lodge.* A subordinate lodge or council of a fraternal benefit society is the agent of the supreme lodge or council and such subordinate lodge or council may waive a forfeiture of benefit certificates or the suspension of members thereof for a failure to pay assessments promptly.

2. FRATERNAL BENEFIT SOCIETIES—*when forfeiture waived.* The uniform conduct of a subordinate lodge in accepting payment of assessments after the same became due without requiring the insured to present certificates of good health, operates as a general waiver by the society of a compliance by the insured with the provisions of the by-laws with reference to reinstatement.

3. FRATERNAL BENEFIT SOCIETIES—*when employment by insured in prohibited occupation no defense.* If the society at the time it issued its certificate knew that the insured was engaged in an extrahazardous and prohibited occupation, it cannot at his death allege such fact as a defense to an action by the beneficiary under the certificate.

Assumpsit. Appeal from the City Court of Canton; the Hon. JESSE BLACK, Judge, presiding. Heard in this court at the November term, 1910. Reversed and remanded. Opinion filed May 26, 1911.

A. E. TAFF, for appellant.

CHIPERFIELD & CHIPERFIELD, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellant, named as beneficiary in a benefit certificate for $1,000 issued by appellee on December 10, 1906, to John Walker, the husband of appellant, to recover the amount of such certificate. To the declaration in the usual form appellee pleaded the general issue, except as to the sum of $24.45 tendered to appellant by an appropriate plea, and appellee also filed its special pleas wherein it alleged a forfeiture of the benefit certificate by reason of the failure of the insured to pay monthly assessments in advance, as required by the terms of the certificate, also by reason of the fact that the insured at the time of his death was engaged in the extra hazardous and prohibited occupation of a coal miner, and also by reason of the un-

truthful statement made by the insured in his application for the benefit certificate, that his occupation was that of a carpenter, which statement by the terms of the benefit certificate and of the application which was expressly made a part of said benefit certificate, was warranted by the insured to be true. To the special pleas alleging a forfeiture of the benefit certificate appellant replied denying the truth of the facts alleged in said pleas, and alleging facts relied upon by appellant as constituting an estoppel, and a waiver by appellee, of its right to declare a forfeiture.

Upon the trial in the city court of Canton, the court, at the close of the evidence for appellant, instructed the jury to return a verdict finding the issues for appellee, and upon such verdict so returned judgment was entered against appellant for costs.

The evidence discloses that John Walker died of pneumonia May 24, 1908, and that the monthly assessment of $1.05 for the month of May, which according to the constitution and laws of the appellee order should have been paid April 30, 1908, was not paid until May 20, 1908. Section 60 of the constitution and laws of the appellee order provides that failure to pay the assessment due before the first of the month shall work a suspension from beneficiary membership, without any action of the order, and that during such suspension the benefit certificate shall remain null and void. Section 64 provides, in part, that where a member has been suspended from beneficiary membership for non-payment of assessments, he may be reinstated by paying all arrears, provided he is not engaged in a hazardous occupation and shall secure a certificate of present good health on a form prescribed by the Supreme Board of Directors of the order. Appellant offered in evidence eighteen receipts for monthly payments of assessments by the insured during his lifetime and it appears therefrom that in fifteen instances assessments were paid by the insured and received by the local financial secretary of the appellee order after the same were due by the terms of the benefit certificate, and it further appears that

in no instance was the insured required to secure and furnish a certificate of good health.

It is well settled in this state that the subordinate lodge or council of a fraternal benefit society is the agent of the supreme lodge or council, and that such subordinate lodge or council may waive the forfeiture of benefit certificates, or the suspension of members thereunder for a failure to pay assessments promptly. Jones v. Knights of Honor, 236 Ill. 113. As regards the right of the appellee order to insist upon a forfeiture of the benefit certificate in question, and of the suspension of the insured for a failure to pay the assessment for May, 1908, promptly, the uniform conduct of the appellee order in accepting the payment of assessments after the same became due, without requiring the insured to present certificates of good health, must be held to have operated as a general waiver by it of a compliance by the insured with the provisions of sections 60 and 64 above referred to. United States Life Ins. Co. v. Ross, 159 Ill. 476.

As relating to the other ground of forfeiture relied upon by appellee, viz.: that the insured in his application for the benefit certificate stated his occupation to be that of a carpenter, when in truth and in fact his occupation was that of a coal miner or mine worker, appellant, in anticipation of the defense by the appellee order of a forfeiture of the benefit certificate upon that ground, offered evidence in chief for the purpose of showing that the appellee order was estopped from interposing such defense. The evidence so offered and introduced by appellant tends to show that the insured's application for the benefit certificate in question was procured by one James K. Liggett, and that A. L. Wrieth, who solicited members for the local council of the appellee order, was present when Liggett wrote said application and when the insured signed the same; that the insured then told Liggett that he was a carpenter working down in the mine. Appellant was unable to show what official relation Liggett sustained to the appellee order, but the fact that the appellee order issued the benefit certificate

in question upon an application procured and written by Liggett excludes the inference that Liggett was a stranger to appellee. The evidence so introduced by appellant further tends to show that all of the principal officers of the local council of the appellee order, including the Financial Secretary who collected assessments and dues from the insured, knew at the time that the benefit certificate in question was issued to the insured and from thenceforth until his death that he was a coal miner. Appellee cannot insist upon the forfeiture of the benefit certificate in question for a cause of which it had knowledge when it issued the certificate. Security Trust Co. v. Tarpey, 182 Ill. 52; Coverdale v. Royal Arcanum, 193 Ill. 91; Farrenkoph v. Holm, 237 Ill. 94; Peterson v. Manhattan Life Ins. Co., 244 Ill. 329; United States Health & Accident Ins. Co. v. Krueger, 135 Ill. App. 432.

We conclude that the evidence introduced on behalf of appellant required the submission of the case to the jury and that the peremptory instruction was improperly given.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*