Bruno Rizzo, Defendant in Error, v. Catholic Order of Foresters, Plaintiff in Error.

## Gen. No. 16,686.

1. FRATERNAL BENEFIT SOCIETIES—*when not estopped to assert that designation of beneficiary was ultra vires.* Where a by-law of a fraternal benefit society restricts payment of benefits to cousins of the member, to cousins of the first degree, such society is not estopped by its description of a beneficiary in a certificate as a "cousin" from setting up the defense that its action in naming such person as a beneficiary was *ultra vires* if the word "cousin" is to be construed as meaning a blood relation further removed than a first cousin.

2. FRATERNAL BENEFIT SOCIETIES—*power to limit payment to classes of blood relatives.* Though the statute relating to fraternal benefit societies provides that payment of death certificates may be made to blood relations of the member, such societies may limit such payment with regard to cousins of members, to first cousins.

3. FRATERNAL BENEFIT SOCIETIES—*burden of proof as to whether beneficiary is one who can take.* Where a by-law of a fraternal benefit society limits payment of death certificates as respects cousins of the member, to first cousins, in an action by a beneficiary named as a "cousin" of the member, the burden is on the society to prove that such person is not such a cousin as can take.

4. FRATERNAL BENEFIT SOCIETIES—*beneficiaries.* One named as a beneficiary is shown not to be within the class permitted by a by-law providing that cousins further removed than the first degree cannot recover benefits where he states that the member told him ten years before that he was a first cousin, but also states that neither his father or mother was a brother or sister of the member's father or mother, and such statement is not contradicted.

Error to the Municipal Court of Chicago; the HON. McKENZIE CLELAND, Judge, presiding. Heard in this court at the October term, 1910. Reversed and judgment here. Opinion filed December 30, 1912.

EDMUND S. CUMMINGS, for plaintiff in error.

WILLIAM A. JENNINGS, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

The Catholic Order of Foresters, a fraternal beneficiary society organized and existing under and by virtue of the laws of Illinois relating to such societies, is in this writ of error complaining of a judgment rendered against it by the Municipal Court of Chicago May 3, 1910, for $1,000 in favor of Bruno Rizzo, the plaintiff below and defendant in error here.

The basis of the judgment was a benefit certificate issued to one Francisco Covaleo, in which the Catholic Order of Foresters on certain conditions and stipulations bound itself to pay Domenico Covaleo, the son of Francisco Covaleo, $1,000, and Bruno Rizzo, the "cousin" of Francisco Covaleo, $1,000 "upon proof of the fact and cause of the death" of said Francisco Covaleo. The death of Francisco Covaleo was duly proven, but the plaintiff in error is now asserting that the defendant in error, Bruno Rizzo, is neither within the class designated by the statute of Illinois as possible legal beneficiaries of fraternal insurance of this nature, nor within the by-laws of the Catholic Order of Foresters in force during the time Francisco Covaleo was a member of the society.

The statute (Act of June 22, 1893, as amended May 11, 1901) in relation to the Organization and Management of Fraternal Beneficiary Societies, provides that "payment of death benefits shall only be paid to the families, heirs, *blood relations,* affianced husband or affianced wife, or to persons dependent upon the member."

The by-laws attempt to restrict the class of *"blood relations"* to children, grandchildren, parents, brothers and sisters, grandparents, nieces and nephews, uncles and aunts, *cousins in the first degree* and next of kin who would be the distributees of the personal estate of the member upon his death intestate.

The supreme court in Wallace v. Madden, 168 Ill. 356, decided that even the refusal of the Catholic Order of Foresters because of its by-laws to issue a certificate making a beneficiary a person designated by a member, when that person was within a class allowed by the statute, could not thwart the will of the member, and that the company was liable on his death to the beneficiary he named. This was on the express holdings that the classes of persons designated by the organic law of a benefit society as the persons who may become beneficiaries of its insurance, cannot be enlarged or restricted by the society or its members, and that statutes of the state under which a benefit society is organized become part of its organic law.

But in Murphy v. Nowak, 223 Ill. 301, the supreme court, without mentioning Wallace v. Madden, *supra,* placed its decision on the position that in determining the classes who can take as beneficiaries, the court will look alone to the certificate of organization and by-laws of a fraternal benefit society if they are narrower in their scope than the statute, and quoted to the same purport, Norwegian Old People's Home Soc. v. Wilson, 176 Ill. 94.

Following as we understand it the later decision of the supreme court, this court held in Flannery v. Gleason, 133 Ill. App. 398, that a by-law of the Women's Catholic Order of Foresters identical with the one here involved was a valid and effective restriction on the list of beneficiaries allowed by the statute, and that a *second* cousin, although a blood relation, was not a possible beneficiary.

We cannot uphold the judgment in this case without departing from this decision, which we are not inclined to do. If we were wrong in Flannery v. Gleason, *supra,* in following the later rather than the earlier case in the supreme court, that tribunal will correct us should this case reach it.

We do not think that the society is estopped by its description of Rizzo as a "cousin" in its certificate from setting up the defense that it acted *ultra vires* in naming Rizzo as a beneficiary, if the word cousin is to be construed as meaning a blood relation further removed than a "cousin in the first degree."

We agree with the defendant in error, however, that the burden of proof is upon the society to prove that the beneficiary was not within the permitted class of beneficiaries.

The society having come into court to repudiate its contract so far as Rizzo is concerned, whom it had described as "a cousin," must, to be successful, prove that he was not a "cousin" who could take the benefit. If a second or further removed cousin was an allowable beneficiary, the society could not be said to have sustained the burden. But on the assumption that no cousin but a cousin in the first degree was an allowable beneficiary, we think it did.

To prove that Bruno Rizzo was not even a cousin in any degree or a "blood relation" of Francisco Covaleo, it introduced (besides the testimony of Rizzo himself, hereinafter discussed) the testimony of Natalo Cardomone. But his testimony amounted to nothing beyond a statement that although he knew Covaleo, Covaleo never spoke to him about any relationship with Rizzo.

The only other evidence offered was the testimony of Rizzo himself. He was called as a witness by the defendant, and in answer to the direct question asked him, "Was Covaleo your first cousin?" his answer was, "Covaleo told me ten years ago he was a first cousin."

The defendant afterward moved to strike out this testimony as incompetent. Whether he could be heard to do so, and whether the court erred in denying the motion, it is not necessary for us, in our view of the case, to decide, for allowing this remark to stand as proof of a declaratory "statement of pedigree," the question which gave rise to it, "Was Covaleo your first cousin?" was answered in the negative by the witness, when, replying to the further question, "Was the father or mother of Covaleo a brother or sister of your father or mother?" he said, "They was not." We think that this positive statement was proof, in the absence of any contradiction, that Covaleo and Rizzo were not "cousins in the first degree," and that it overcame and rendered insignificant the report of Covaleo's statement.

When, however, the defendant went further in the examination, we think it failed as well with Rizzo as with Cardomone in proving that Rizzo and Covaleo were not "blood relations" or "cousins" further removed than "the first degree." The most that can be said is that the examination did not prove that they were, but this is immaterial.

On the ground, however, that it was proven that Rizzo was not a "cousin in the first degree," we feel obliged to reverse this judgment and enter here a judgment of *nil capiat* and for costs against the plaintiff, the defendant in error here.

*Reversed and judgment here.*